1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9   FRANCISCO OCHOA ZARAGOSA,                CV F   06-00705 AWI DLB HC

10                          Petitioner,       FINDINGS AND RECOMMENDATIONS
                                              REGARDING PETITION FOR WRIT OF
11          v.                                HABEAS CORPUS

12                                            [Doc. 1]
    JEFFREY WRIGLEY,
13
                            Respondent.
14   _____/

15

16          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2241.

                                    BACKGROUND[1]
18

19          Petitioner is currently in custody of the Bureau of Prisons at the Taft Correctional

20   Institution located in Taft, California, pursuant to a judgment of the United States District Court

21   for the Northern District of Texas entered on January 19, 2001, following his conviction for

22   conspiracy with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C.

23   §§ 841 and 8.  Petitioner was sentenced to a term of 121 months in federal prison.

24          Petitioner appealed his conviction to the United States Court of Appeals for the Fifth

25   Circuit; however, the appeal was withdrawn on September 10, 2002.  (Petition, at 2, 7.)

26          On October 23, 2003, Petitioner filed a motion to vacate, set aside or correct the sentence

27   ────────────────

28          [1] This information was derived from the petition for writ of habeas corpus and the memorandum in support
     of the petition.

1

1    pursuant to 28 U.S.C. § 2255 in the sentencing court.  The motion was denied.  (Petition, at 7.)

2    Petitioner filed the instant petition for writ of habeas corpus on June 6, 2006.

3                                              JURISDICTION

4    A federal prisoner who wishes to challenge the validity or constitutionality of his

5    conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

6    under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988);  Thompson v.

7    Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

8    Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, *only the sentencing*

9    *court has jurisdiction*.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal

10   conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

11   2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see

12   also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

13   In contrast, a federal prisoner challenging the manner, location, or conditions of that

14   sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

15   Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122,

16   1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v.

17   Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889,

18   893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States

19   v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

20   In this case, Petitioner is challenging the validity and constitutionality of his sentence

21   rather than an error in the administration of his sentence.  Therefore, the appropriate procedure

22   would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

23   Petitioner concedes this fact.  Petitioner admits bringing this petition as a § 2241 petition instead

24   of a § 2255, because he has already sought relief by way of § 2255.  However, a petition

25   contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner

26   calls the petition.  See Brown, 610 F.2d at 677.

27   In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief

28   under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective

2

to test the validity of his detention." <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997)

(quoting § 2255).  Although there is little guidance from any court on when § 2255 is an

inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow

exception. <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir.2003); <u>Pirro</u>, 104 F.3d at 299; <u>Aronson</u>

<u>v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render §

2255 inadequate.);  <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or

unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d

390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956).  The Ninth Circuit has

provided little guidance on what constitutes "inadequate and ineffective" in relation to the

savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255

provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under §

2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been

convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim."

<u>Ivy</u>, 328 F.3d at 1059-60, <i>citing</i>,  <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (9th Cir.2000) (internal

citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or

ineffective.  <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

        In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and

ineffective.  Petitioner claims that there is new law which demonstrates that he is guilty of §

841(b)(1)(C), not § 841(b)(1)(A).  Petitioner cites <u>United States v. Banuelos</u>, 322 F.3d 700 (9th

Cir. 2003), in support of his argument.  Petitioner's reliance on <u>Banuelos</u> is flawed.  There, the

Ninth Circuit remanded for resentencing because when the trial court initially sentenced the

defendant following his guilty plea, the trial court's findings exposed him to a higher statutory

maximum than he otherwise would have faced, thus, violating the rule established in <u>Apprendi v.</u>

<u>New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 2351 (2000). In <u>Apprendi</u>, the Supreme Court held

that "any fact [other than a the fact of a prior conviction] that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." <u>Apprendi v. New Jersey</u>, 530 U.S. at  488-490.

Although the <u>Banuelos</u> decision was not available at the time of Petitioner's appeal or § 2255

motion, the basis for such a challenge was readily available during direct appeal to the Fifth

Circuit and well before the § 2255 motion was filed.  The Apprendi ruled, applied in Banuelos,

was established in 2000, and Petitioner pled guilty on January 19, 2001, and was sentenced on

June 11, 2001.  While Petitioner's couches his challenge to his sentence as one founded on an

allegedly "new" basis for relief established by Banuelos, his challenge is indeed based on the

holding in Apprendi, and Apprendi is not a new rule of constitutional law. It was in fact decided

on June 26, 2000, which was prior to Petitioner's first § 2255 motion.

Furthermore, Petitioner has not stated whether he has sought permission from the Fifth

Circuit to file a successive § 2255 motion. It is possible that the  Circuit would grant such a

motion in which case Petitioner would have yet another opportunity to present his claim in the

proper forum. Thus, Petitioner has not shown that he did not have an "unobstructed procedural

shot" at presenting his challenges to the Fifth Circuit Court of Appeals.

Petitioner also contends that new case law demonstrates that he should have received a

departure from the sentencing guidelines without a government motion.  Petitioner cites United

States v. Fernandez, 443 F.3d 19 (2nd Cir. 2006), in support of his argument.  In Fernandez, the

Second Circuit Court of Appeals, stated, among other things, that under 18 U.S.C. § 3553(a) the

sentencing judge must consider "the history and characteristics of the defendant."  Fernandez,

443 F.3d at 33.  The Fernandez opinion, is based on the application of the Supreme Court's

opinion in United States v. Booker, 543 U.S. 220 (2005).

In Booker, the Court reaffirmed its holdings in Apprendi and Blakely v. Washington, 542

U.S. 296 (2004), and applied it to the Federal Sentencing Guidelines, finding the Guidelines

unconstitutional.  In reforming the Guidelines, the Court stated "If the Guidelines as currently

written could be read as merely advisory provisions that recommended, rather than required, the

selection of particular sentences in response to differing sets of facts, their use would not

implicate the Sixth Amendment.  We have never doubted the authority of a judge to exercise

broad discretion in imposing a sentence within a statutory range." United States v. Booker, 543

U.S. at 233. "For when a trial judge exercises his discretion to select a specific sentence within a

defined range, the defendant has no right to a jury determination of the facts that the judge deems

1   relevant." Id.

2          Petitioner's claim is really based on the holding on Booker, and Booker was issued well

3   after Petitioner's direct appeal and filing of a § 2255 motion, and Booker does not apply

4   retroactively.  Accordingly, even if the petition was allowed to pass through the savings clause, it

5   would be without merit because Booker and Apprendi have not been held to be retroactive to

6   cases on collateral review. Harris v. United States, 536 U.S. 545, 581 (2002) ("No Court of

7   Appeals, let alone this Court, has held that Apprendi has retroactive effect."); United States v.

8   Sanchez-Cervantes, 282 F.3d 664 (9th Cir.2002) (the ruling in Apprendi does not apply

9   retroactively to initial petitions for collateral review); Humphress v. United States, 398 F.3d 855,

10  860 (6th Cir.2005) (Booker is not retroactive); McReynolds v. United States, 397 F.3d 479, 481

11  (7th Cir.2005) (same); United States v. Price, 400 F.3d 844, 845 (10th Cir.2005) (same); Varela

12  v. United States, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) (same); Guzman v. United

13  States, 404 F.3d 139 (2nd Cir.2005) (same); United States v. Sahlin, 399 F.3d 27 (1st Cir.2005)

14  (Booker provides no basis to vacate the entry of a pre-Booker guilty plea).

15         Based on the foregoing, the instant petition must be dismissed.

16                                    RECOMMENDATION

17         Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

18  DISMISSED because the petition does not allege grounds that would entitle petitioner to relief

19  under 28 U.S.C. § 2241.

20         These Findings and Recommendations are submitted to the Honorable Robert E. Coyle,

21  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and

22  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District

23  of California.  Within thirty (30) days after being served with a copy, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

26  shall be served and filed within ten (10) court days (plus three days if served by mail) after

27  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

28  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the

                                              5

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

F.2d 1153 (9th Cir. 1991).


       IT IS SO ORDERED.

       **Dated:**   **July 17, 2006**               **/s/ Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE